**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTIAN A. GILBERT, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:  1:21-cv-06882 |
| | ) | |
| v. | ) | |
| | ) | |
| APPLE INC. | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Apple Inc., by its attorneys Sarah J. Gasperini and Quinn P. Donnelly of Jackson Lewis P.C., and under 28 U.S.C. §§ 1332, 1441 and 1446, removes this action from the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. In support thereof, Apple states:

**GROUNDS FOR REMOVAL**

1.      On October 5, 2021, Plaintiff Christian A. Gilbert commenced this action by filing his Verified Complaint ("Complaint") against Apple in the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois claiming retaliatory discharge (Count I), age discrimination (Count II), and defamation (Count III). A copy of the Summons and Gilbert's Complaint are attached hereto as Exhibit A. The lawsuit is captioned *Christian A. Gilbert v. Apple, Inc.*, case number 2021 L 470 (the "State Court Action").

2.      Apple has removed this case from state court because Apple is a citizen of California. Plaintiff is a citizen of the state of Illinois. As such, complete diversity of citizenship exists and based upon the allegations of Plaintiff's Complaint, the amount in controversy exceeds

$75,000.00. This Court thus has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) and removal is proper.

## I. REMOVAL IS TIMELY

3. 28 U.S.C. § 1446(b)(1) requires that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

4. Plaintiff filed his Complaint and Summons on October 5, 2021. (See Ex. A). On November 29, 2021, Apple was served with the Complaint and Summons. Apple has not filed any pleading responsive to the Complaint, nor has Apple appeared or made any arguments before the State Court.

5. Apple files this Notice of Removal on December 28, 2021, twenty-nine (29) days after being served with the Complaint. As such, this Notice of Removal is timely and satisfies all applicable procedural requirements of 28 U.S.C. § 1446.

## II. BASIS FOR JURISDICTION

6. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and this matter is between citizens of different states. Accordingly, removal to the Northern District of Illinois, Eastern Division is proper.

7. The United States District Court for the Northern District of Illinois, Eastern District is the appropriate venue for removal of the State Court Action. Under 28 U.S.C. § 1441, a

civil action brought in any state court in which the district courts of the United States have original jurisdiction is to be removed to the district court for the district and division embracing the place where the state court action is pending. The State Court Action was filed in Kane County, Illinois, which is located in this judicial district and division. 28 U.S.C. § 1441(a).

**A. Plaintiff and Apple Inc. are Completely Diverse.**

8.    As alleged in Plaintiff's Verified Complaint, Plaintiff is a resident of City of Hampshire, Kane County, Illinois. (Exhibit A at ¶ 1). Plaintiff is thus a citizen of the State of Illinois. *D.C. v. Murphy*, 314 U.S. 441, 455 (1941) (where a person lives is properly considered that person's domicile until evidence establishes the contrary).

9.    Apple is a corporation organized under the laws of the State of California and its principal place of business is in the State of California (Ex. A at ¶ 1; Declaration of Michael Jaynes attached as Ex. B). For the purposes of removal and to determine whether diversity of citizenship exists,

a corporation shall be deemed to be citizen of every by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The record here confirms that Plaintiff is a citizen of the Illinois, while Apple is a citizen of California.

10.    A corporation's "principal place of business" is its "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1186 (2010). In practice, a corporation's "nerve center" is generally its corporate headquarters provided it is the actual center of direction, control, and coordination. *Id.* at 1192.

11.    Apple's principal place of business is in California where its corporate headquarters are located. *In re Apple Inc. Device Performance Litig.*, No. 18-md-02827-EJD, 2018 U.S. Dist. LEXIS 169606, at *37-38 (N.D. Cal. 2018) ("Apple has its principal place of business in

California"). Further, Apple's corporate officers are based in Cupertino, California. As a result, Apple Inc. is a citizen of California.

12.     As Gilbert is a citizen of Illinois and Apple is a citizen of California, there is complete diversity of citizenship between Plaintiff and Apple as is required by 28 U.S.C. § 1332(a)(1).

**B.  The Amount in Controversy Requirement is Satisfied**

13.     The amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

14.     Gilbert's Complaint alleges three separate counts and asserts that he seeks to recover an amount in excess of $50,000 for each count and a total in the aggregate in excess of $150,000.[1] (*See* Ex. A at pp. 6, 8, 9).

15.     In addition to Plaintiff's own verified allegation swearing he has incurred damages in excess of $150,000, 28 U.S.C. § 1446(c)(2)(A)(ii) provides that a defendant may assert that the amount of controversy exceeds the jurisdictional threshold where, like here, the State practice permits recovery of damages in excess of the amount demand.

16.      The United States Court of Appeals for the Seventh Circuit has recognized that, for a defendant, establishing the amount in controversy is easier said than done "when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (citing *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006)). The Court explained that where the plaintiff has not specifically averred the amount in controversy is

---

[1] Apple denies engaging in unlawful discrimination, retaliation, or defamation against Gilbert and further denies Gilbert is entitled to any relief.

less than the jurisdictional minimum, a defendant's "good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Id.*

17.    Accordingly, even if the Plaintiff had elected not to directly assert an amount in controversy that exceeds the jurisdictional threshold, Apple could still demonstrate that the jurisdictional threshold has been satisfied as the Plaintiff is seeking lost wages, liquidated double damages, front pay, compensatory damages, punitive damages, and attorney's fees, which warrants a good-faith belief that the amount in controversy exceeds $75,000.

## CONCLUSION

18.    The removal of this matter is authorized by 28 U.S.C. § 1441. The instant Notice of Removal has been timely filed before the expiration of thirty (30) days after service of the Summons and Complaint on Apple, in compliance with 28 U.S.C. § 1446(b).

19.    As required by 28 U.S.C. §1446(a), the Complaint, Summons and any other "process, pleadings, and orders" served to date on Apple, are attached as group Exhibit A.

20.    As required by 28 U.S.C. §1446(d), written notice of this Notice of Removal will be sent promptly to Plaintiff's counsel by email and U.S. Mail, and promptly filed with the Clerk of the Sixteenth Judicial Circuit, Kane County, Illinois.

21.    By filing this Notice of Removal, Apple does not waive its rights to object to jurisdiction or venue, and specifically reserves the right to assert any defenses and/or objections which it may be qualified to assert, including that Plaintiff has failed to state a claim for which relief can be granted. If any question arises about the propriety of the removal of this action, Apple respectfully requests the opportunity to submit briefing and oral argument in support of its position that removal is proper.

WHEREFORE, Defendant Apple Inc. hereby removes case number 2021 L 470 pending in the Sixteenth Judicial Circuit, Kane County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. §§ 1441 and 1446.

Dated: December 28, 2021

Respectfully Submitted,

APPLE INC.

By:     */s/ Sarah J. Gasperini*
              One of its Attorneys

Sarah J. Gasperini
Quinn P. Donnelly
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, IL 60601
Tel.: 312.787.4949
Fax: 312.787.4995
sarah.gasperini@jacksonlewis.com
quinn.donnelly@jacksonlewis.com

# EXHIBIT A



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Mon, Nov 29, 2021

**Server Name:**             Sheriff Drop

| | |
|---|---|
| Entity Served | APPLE INC |
| Case Number | 21L000470 |
| Jurisdiction | IL |



# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

21-L-000470

Case No. _____

| | |
|---|---|
| *CHRISTIAN A. GILBERT* | *APPLE INC* |
| Plaintiff(s) | Defendant(s) |

SERVE:

Name: *CT CORPORATION*

Address: *FIELD BUILDING, 208 S. LaSalle St. Unit 814*

City, State & Zip: *CHICAGO, IL 60604*

Clerk of the Circuit Court
Kane County, Illinois

10/5/2021

**FILED/IMAGED**

File Stamp

Amount Claimed *In Excess of $50,000.00*

Pltf. Atty *LEONARD J SOLFA JR,*          Add. Pltf. Atty _____

Atty. Registration No. *2669307*          Atty. Registration No. _____

Address *P.O. Box 861*          Address _____

City, State and Zip *BATAVIA IL 60510-0861*          City, State and Zip _____

Attorney E-mail *Lsolfa @ comcast.net*          Attorney E-mail _____

*FOREIGN*

## SUMMONS

To the above named defendant(s):

☐ A. You are hereby summoned and required to appear before this court in room _____ of the ☐ Kane County Judicial Center, 37W777 Rt. 38, St. Charles, IL 60174 ☐ Kane County Court House, 100 S. 3rd Street, Geneva, IL 60134 ☐ Aurora Branch Court, 1200 E. Indian Trail, Aurora IL 60505 ☐ Elgin Branch Court, 150 Dexter Ct., Elgin IL 60120 ☐ Carpentersville Branch Court, 1200 L.W. Besinger Dr., Cville, IL 60110 ☐ Kane County Branch Court, 530 S. Randall Rd., St. Charles, IL at _____ m. on _____ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

☒ B. You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the Office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the complaint.

☐ C. You are further Notified that a dissolution action stay is in full force and effect upon service of this summons. The Conditions of stay are set forth on page two (2) of this summons, and are applicable to the parties as set forth in the statute.

TO THE SHERIFF OR OTHER PROCESS SERVER:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. In the event that paragraph A of this summons is applicable, this summons may not be served less than three days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date if paragraph B is applicable.

DATE OF SERVICE _____
(To be inserted by process server on copy left with the defendant or other person)

10/5/2021

WITNESS, _____ (date)

Clerk of Court

Form 166-A (11/12)          White - Original Clerk          Yellow - Original Service to Clerk          Pink - Defendant          Gold - Attorney

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS      21-L-000470

Case No. _____

| | | |
|---|---|---|
| *CHRISTIAN A. GILBERT* | *APPLE INC* | *Theresa Barreira*<br>Clerk of the Circuit Court<br>Kane County, Illinois<br>**10/5/2021**<br>**FILED/IMAGED** |
| Plaintiff(s) | Defendant(s) | |

SERVE:

Name: *CT CORPORATION*

Address: *FIELS BUILDING, 208 S. LaSalle St. Unit 814*

City, State & Zip: *CHICAGO IL 60604*

File Stamp

Amount Claimed *In Excess of $50,000.00*

Pltf. Atty *LEONARD J SOLFA JR*          Add. Pltf. Atty _____

Atty. Registration No. *2669307*          Atty. Registration No. _____

Address *P.O. Box 861*          Address _____

City, State and Zip *BATAVIA IL 60510-0861*          City, State and Zip _____

Attorney E-mail *lsolfa@comcast.net*          Attorney E-mail _____

## SUMMONS

To the above named defendant(s):

☐ A. You are hereby summoned and required to appear before this court in room _____ of the ☐ Kane County Judicial Center, 37W777 Rt. 38, St. Charles, IL 60174 ☐ Kane County Court House, 100 S. 3rd Street, Geneva, IL 60134 ☐ Aurora Branch Court, 1200 E. Indian Trail, Aurora IL 60505 ☐ Elgin Branch Court, 150 Dexter Ct., Elgin IL 60120 ☐ Carpentersville Branch Court, 1200 L.W. Besinger Dr., Cville, IL 60110 ☐ Kane County Branch Court, 530 S. Randall Rd., St. Charles, IL at _____ m. on _____ to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

☒ B. You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the Office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the complaint.

☐ C. You are further Notified that a dissolution action stay is in full force and effect upon service of this summons. The Conditions of stay are set forth on page two (2) of this summons, and are applicable to the parties as set forth in the statute.

TO THE SHERIFF OR OTHER PROCESS SERVER:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. In the event that paragraph A of this summons is applicable, this summons may not be served less than three days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date if paragraph B is applicable.

DATE OF SERVICE _____
(To be inserted by process server on copy left with the defendant or other person)

**10/5/2021**

WITNESS, *Theresa Barreira* _____ (date)

Clerk of Court

Form 166-A (11/12)          White - Original Clerk          Yellow - Original Service to Clerk          Pink - Defendant          Gold - Attorney

Kane County Circuit Court    THERESA E. BARREIRO    ACCEPTED: 10/5/2021 1:29 PM    By: SP    ENV #15082204

## IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

| | | |
|---|---|---|
| **CHRISTIAN A. GILBERT,** | ) | **21-L-000470** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) **Case No.** | |
| | ) | |
| | ) | |
| **APPLE, INC.** | ) | |
| **Defendant.** | ) | |

*[Clerk's stamp:]*
Clerk of the Circuit Court
Kane County, Illinois

**10/5/2021 11:46 AM**

FILED/IMAGED

### VERIFIED COMPLAINT AT LAW

NOW COMES the Plaintiff, Christian A. Gilbert (Gilbert) by his attorney, Leonard J. Solfa, Jr., and for his verified complaint against the Defendant, Apple, Inc. (Apple), states as follows:

1. Jurisdiction is appropriate in the Sixteenth Judicial Circuit of Kane County, Illinois. Gilbert is a resident of City Hampshire, Kane County, Illinois. Apple is an international corporation with its corporate headquarters in Cupertino, California, doing business in Kane County in Geneva, Illinois and throughout the State of Illinois by the marketing and sale of its electronic products in various Best Buy store locations in Kane County, Illinois and, more specifically, in Geneva, Illinois.

2. Gilbert has exhausted his administrative remedies in this matter having filed a Charge with the Illinois Department of Human Rights (IDHR) and having been issued a Notice of Dismissal for Lack of Substantial Evidence on July 12, 2021. IDHR has given Gilbert notice that he is allotted ninety (90) days to file a civil lawsuit in State court from the date of July 12, 2021.

3. At all times mentioned herein Apple employed Gilbert, in the capacity of an Apple Sales Consultant (hereinafter referred to as "ASC") in the Best Buy Store located in Geneva, Illinois.

4. At all times mentioned herein Gilbert, in his capacity as an ASC, was responsible for the marketing, sale, consulting and education about the products of Apple, Inc. in the Best Buy Store located in Geneva, Illinois.

**NOTICE**
**BY ORDER OF THE COURT THIS CASE IS HEREBY SET FOR CASE MANAGEMENT CONFERENCE ON THE DATE BELOW. FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.**
**Judge: No hearing information was found.**
**No hearing information was found.**

5.  At all times mentioned herein Gilbert functioned in an independent manner in fulfilling his job duties/description in the Best Buy Store in Geneva, Illinois and reported to a regional Manager employed by Apple.

6.  At all times mentioned herein the incidents that occurred that are the subject matter of this verified complaint at law occurred within the confines of the Best Buy Store in Geneva, Illinois.


## COUNT I
## RETALIATORY DISCHARGE

1.  Gilbert commenced his employment with Apple in November 2010 and in 2011 was promoted to the position of Apple Sales Consultant in North Riverside, Illinois reporting to his supervisor, Terry Bates.

2.  Gilbert, residing in Crystal Lake, Illinois at the time of his employment by Apple in 2011, was advised by his supervisor Terry Bates (Bates), that his Best Buy store of employment would be within a fifteen (15) minute commute from his home. Upon initiating his employment, Gilbert was forced to travel one and one-half (1 ½) hours in each direction from his home to a Best Buy store location in North Riverside, Illinois.

3.  Gilbert questioned Bates as to why he did not locate his employment within the fifteen (15) minute commute timeframe as Bates had previously told him. Bates retaliated against Gilbert after this inquiry by creating a hostile and harassing environment for Gilbert to work in when he summarily told Gilbert that he was penalized in a demotion of his salary in the amount of One Thousand Dollars ($1,000.00) and his commissions. Bates further advised Gilbert that he was guilty of insubordination for his question concerning his commute.

4.  Bates was terminated from his employment by Apple.

5.  In 2012 Gilbert was transferred from North Riverside to the Best Buy Store in Countryside, Illinois as an ASC and came under the supervision of Justin Brown (Brown). Subsequently, in 2012, Gilbert was transferred from the Best Buy store in Countryside, Illinois to Geneva, Illinois.

6. At the time Gilbert began his initial reporting to Brown at the Countryside, Illinois Best Buy Store location, he had an initial meeting with Brown wherein he was told that Brown anticipated having problems with Gilbert. Gilbert had never met nor reported to Brown prior to him becoming his supervisor. Brown's initial meeting comments were the initiation of harassing behavior of Gilbert by Brown and the creation of a hostile work environment. Gilbert immediately reported this meeting conversation with Brown to John Ruff (Ruff), an Apple executive. Ruff subsequently traveled to Geneva, Illinois to meet with Brown and Gilbert and had Brown issue an apology to Gilbert for his comments.

7. Gilbert subsequently learned that the reason for his transfer to the Geneva, Illinois Best Buy store was that he had replaced an ASC, T.B., who was supervised by and reported to Brown. T.B. had was transferred by Brown to another Apple store location due to his violations of the Apple Business Conduct Policy. T.B. was trafficking pornography on his cell phone to Best Buy employees within the confines of the Geneva, Illinois Best Buy Store.

8. Gilbert verbally reported this violation of Apple policies to the Apple Human Resources Department in Cupertino California and to the supervisor of Brown, Scott Woodliffe (Woodliffe) after an additional incident involving Brown.

9. While employed as an ASC in the Best Buy Store in Geneva, Illinois Gilbert was made aware, by a fellow Apple ASC, Greg Muir (Muir), that his supervisor Brown had made a sexual innuendo comment about a female Best Buy employee during Apple work hours within the Vernon Hills, Illinois Best Buy Store, in the presence of Muir. Brown also made a disparaging comment about Gilbert to Muir at the same time. The sexual innuendo comment by Brown was a violation of Apple Business Conduct Policy and required that Gilbert report such conduct to the Human Resources Department of Apple. Gilbert reported this conduct by Brown in a telephone call to Apple Human Resources and in that same call reported this conduct to Woodliffe, the supervisor of Brown. Gilbert further requested of Woodliffe that he no longer report to Brown due to his retaliatory and harassing conduct as a supervisor. Upon his reporting of Brown's conduct to Woodliffe, Gilbert was asked

by Woodliffe "if he really wanted to report this action as it would go into Brown's personnel file." Gilbert stated that he wanted to report Brown's actions.

10. In January 2020 Gilbert was engaged in a telephone conversation with an outside third party with no relationship to Apple or Best Buy which resulted in an intense argument concerning the verbal harassment of Gilbert by this third party. The harassment, which was the subject of the telephone call in question, had been on-going and occurring for a period of six (6) months in the form of twenty-five (25) to thirty (30) daily telephone calls to Gilbert. Gilbert had this telephone conversation while in the Geneva, Illinois Best Buy Store, but prior to the store being open for business hours. This conversation occurred outside of a break room facility within the Best Buy Store.

11. A Best Buy employee allegedly stated that, while in the Best Buy break room in the Geneva, Illinois store, but removed from the presence of Gilbert by both a closed door and over twenty-five (25) feet of space, that he overheard the conversation of Gilbert and attributed an untruthful comment of a sexual nature to Gilbert during this conversation. This employee reported the Gilbert phone conversation to Best Buy management.

12. Best Buy management contacted Apple and reported what it considered, based upon the report by the Best Buy employee, the conversation by Gilbert within the Best Buy store. This conversation complained of was never formally verified as truthful in a factual investigative manner.

13. That upon learning of the report concerning Gilbert, Apple suspended him for one week and investigated the charge of his alleged inappropriate comment during his phone conversation. At the conclusion of the one-week investigation, Gilbert was terminated by Michael Jus for violating Apple's Business Conduct Policy. Apple subsequently conducted an arbitration with Gilbert pursuant to Apple's policies utilizing an Apple employee as an arbitrator. At the conclusion of the arbitration Gilbert's termination was upheld.

14. Gilbert subsequently requested in writing a complete copy of his personnel file from the Apple Human Resources Department.

4

15. Upon the receipt of his personnel file from Apple Human Resources Department Gilbert learned that his file contained no documentation about the reports he had made of the inappropriate conduct of the Apple employees previously mentioned herein, the employee trafficking pornography on his cell phone and the inappropriate comments of a sexual nature made by his supervisor Brown about a Best Buy employee, despite Gilbert having notified Apple Human Resources and Woodliffe about such conduct.

16. Apple supervisory personnel engaged in intentional retaliatory conduct of both a harassing and retributive nature due to Gilbert's ethically required reporting of inappropriate conduct by Apple employees. This retaliatory conduct by Apple culminated in Gilbert's wrongful termination. Gilbert's reporting of the inappropriate conduct by Apple employees as described herein was mandated by Apple and specifically by Mr. Tim Cook, CEO of Apple, Inc., where he stated in a video message to all Apple employees about "speaking up about other employees not following the code of conduct." (See Exhibit A, copy of article entitled: ***Tim Cook urges employees to refresh themselves on Apple's code of conduct in video message.***")

17. Despite Gilbert's required reporting of inappropriate conduct, his reports are not contained in his personnel file, and he has never been given a copy of the Apple Business Conduct Policy, although requested by himself and his counsel.

18. Throughout the course of his employment by Apple, Gilbert had a file which contained excellent performance reviews and his employment in the Geneva, Illinois Best Buy Store, while he reported to Regional Manager Michael Jus, was stated to be such that it resulted in some of the highest sales numbers recorded for Apple in that store.

19. Apple's termination of Gilbert was in retaliation for his reporting of unethical and inappropriate conduct by Apple, Inc. employees, as mandated by the Apple Business Conduct Policy, one of whom was his direct supervisor, and his termination resulted in his inability to find gainful employment since the date of his termination of employment.

20. Gilbert has been damaged financially by his termination and his inability to secure employment in his field due to the retaliatory behavior of Apple, Inc. supervisory employees.

WHEREFORE, Gilbert asks for judgment in his favor in the matter of Retaliatory Discharge in an amount in excess of Fifty Thousand Dollars ($50,000.00) and his costs in this matter.

## COUNT II
## AGE DISCRIMINATION

1. Gilberts repeats and realleges the allegations of paragraphs 1 – 14 of Count I as paragraphs 1 - 14 of Count II.

15. Upon his being transferred to the Geneva, Illinois Best Buy Store Apple supervisory personnel, Justin Brown, and Chris Constantino, informed Gilbert that he was being brought into the store because "his age made him a good fit with the demographics of the store" and, specifically, with the customers of the store.

16. The Geneva, Illinois Best Buy store has many customers over the age of sixty (60) who frequent the store.

17. Gilbert conducted Apple educational classes on a weekly basis in the Best Buy Store with the encouragement of Best Buy management of the store. These classes had in attendance participants who, in the category of over 80% of attendees, averaged over sixty (60) years of age and the classes resulted in increased sales of Apple products and a regular stream of visitation by customers over the age of sixty (60) to solicit technical and product specific advice from Gilbert.

18. Gilbert was threatened by Apple supervisory management, while conducting his educational classes for Apple in the Best Buy Geneva, Illinois store, to have his classes terminated.

19. Gilbert arguably was the only Apple Sales Consultant terminated over the age of sixty (60) for an alleged violation of the Apple Business Conduct Policy.

20. The termination of Gilbert, who was in a protected age class, was premeditated by Apple and intended to eliminate an employee of his age and benefit stance in employment.

21. The Defendant:

(a) terminated the plaintiff's employment.

(b) failed to place the plaintiff in a job location that would provide him with the opportunity for promotion and advancement within the company, by intentionally relocating the plaintiff to a job location that was knowingly inconvenient and burdensome to his employment commuting time.

(c) Apple management continually sabotaged Gilbert's opportunities for advancement within Apple in his employment enhancement applications.

(d) failed to stop on-going harassment in the form of age discrimination.

(e) retaliated against the plaintiff because the plaintiff took reporting action to assert rights protected by the company policies designed to prohibit employee workplace misconduct.

(f) created a hostile working environment in the workplace by conducting a systematic unwarranted disciplinary process that fostered and had as its basis age discrimination against the plaintiff.

21. The facts supporting Gilbert's claim of discrimination are as follows: a younger employee with the same job classification as Gilbert, Apple ASC, was transferred to another Best Buy Store location within the Chicagoland area after he was determined to have been engaging in activity that violated the Apple Business Conduct Policy (see paragraph 6 of Count I). Gilbert's Apple supervisor, Brown, who was under the age of forty (40), was transferred to another Best Buy region out of Illinois after allegations of violation of the Apple Business Conduct Policy. Gilbert, over 60 years of age, was terminated when he is alleged to have violated the Apple Business Conduct Policy.

7

22. Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

WHEREFORE, Gilbert asks for judgment in his favor in the matter of Age Discrimination in an amount in excess of Fifty Thousand Dollars ($50,000.00) and his costs in this matter.

## COUNT III
## DEFAMATION

1. 1. Gilberts repeats and realleges the allegations of paragraphs 1 – 14 of Count I as paragraphs 1 -14 of Count III.

15. Throughout the course of his employment with Apple and specifically while working at the Best Buy Store in Geneva, Illinois, Gilbert enjoyed a reputation of high standing with both the employees within the store and the customer base who frequented the store.

16. After a report of his alleged verbal altercation by telephone, Gilbert was suspended and participated in an arbitration conducted by Apple.

17. Gilbert's supervisor at the time of his suspension from employment, Michael Jus, stated that Best Buy management specifically told him that it did not want Gilbert in the Geneva, Illinois Best Buy Store or in any other Best Buy retail location. Mr. Jus made this statement in a fact-finding conference with the Illinois Department of Human Rights and subsequently this information was published by the Department and obtained by counsel for Gilbert under a Freedom of Information Act request.

18. The statement that Best Buy management did not want Gilbert in any Best Buy retail store after his termination of employment is not only untrue, but defamatory to his reputation in his capacity of not only an Apple Sales Consultant at that time, but also his capacity of a person knowledgeable of the Best Buy Apple products. This defamatory statement harms Gilbert's reputation with customers he has previously engaged with at the Best Buy store in Geneva,

Illinois and harms his ability to engage in future consultation for both Apple product lines and technical support, thereby severely restricting his ability to earn a financial living in his professional capacity.

19. Apple knows that the statement concerning Gilbert's ability to enter any Best Buy retail location, is not only untrue but aimed at destroying Gilbert's future earning capacity in the computer field.

20. By issuing a defamatory statement about Gilbert's ability to enter any Best Buy retail location Apple has damaged the professional reputation of Gilbert within the computer community and destroyed his ability to obtain future employment in his field.

WHEREFORE, Gilbert asks for judgment in his favor in the matter of Defamation in an amount in excess of Fifty Thousand Dollars ($50,000.00) and his costs in this matter.

Plaintiff Gilbert demands that this case be tried by a jury.

THEREFORE, the plaintiff asks that the court grant the following relief

(a) Grant the plaintiff, lost wages, liquidated double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(b) Grant such other relief as the Court may find appropriate.

Respectfully submitted,

Leonard J. Solfa, Jr.
Attorney for Christian A. Gilbert

Law Office of Leonard J. Solfa, Jr.
Illinois Attorney Reg. No. 26669307
P.O. Box 861
Batavia, IL 60510-0861
Phone: (630)779-6079
E-mail: lsolfa@comcast.net

9

STATE OF ILLINOIS)
             ) SS.
COUNTY OF KANE  )

## <u>VERIFICATION</u>

Christian A. Gilbert, on oath does hereby depose and state, that the information contained in his

Verified Complaint at Law is filed upon his information and belief that the allegations as stated are true and

correct and supported by his knowledge and truth of the information contained therein.


_____
Christian A. Gilbert


SUBSCRIBED and SWORN to
before me this _7___ day of October 2021.

_____
NOTARY PUBLIC


OFFICIAL SEAL
ANTONIO I PEREZ
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires March 31, 2022


My Commission expires: ___3-31-2022____

10

# Tim Cook urges employees to refresh themselves on Apple's code of conduct in video message



Apple executives have reached out to employees today in a company wide email urging them to review Apple's Business Conduct Policy, a document describing how employees should conduct themselves in and outside the company while representing Apple. An email from Apple's SVP and General Counsel Bruce Sewell (below) was accompanied by a new version of the policy available to employees in iBooks format and a video from CEO Tim Cook discussing the policy.

EXHIBIT A

It's unclear if there was a situation at Apple that could have prompted the email and video from Apple executives to employees. Apple notes that the policy "explains in very clear terms how you are expected to conduct yourself with our customers, business partners, government agencies, and fellow employees." The document also covers legal principles "like antitrust and anti-corruption laws" that all employees are expected to follow.

In the video, Tim Cook quotes Martin Luther King Jr saying "The time is always right to do what is right" and urges employees to speak up about other employees not following the code of conduct. Cook's full quote from the video below:

> As Dr. Martin Luther King once said, the time is always right to do what's right. At Apple, we do the right thing. Even when it's not easy. If you see something that doesn't meet our standards, speak up. Whether it's a quality issue or a business practice, if it affects Apple's integrity, we need to know about it.

Product and company related leaks have been one source of frustration for Apple executives related to employees breaking the code of conduct. Last year Tim Cook _____, but details for the majority of Apple's major new product launches, including the new iPhone 5S and 5C, continued to leak out. Tim Cook has since mentioned leaks to employees with one source telling us Cook referred to leaks as the "enemy" during a town hall meeting at Apple earlier this year.

The Business Conduct Policy covers conflicts of interest such as personal investments, workplace relationships, outside employment and inventions, as well as rules regarding harassment and discrimination, insider trading, and substance abuse. It also includes Apple's policies for employees related to public speaking, press inquiries, publishing articles, and endorsements.

The full email from Apple's SVP and General Counsel Bruce Sewell is below:

*Apple Team,*

*I am writing to ask you to do something very important — set aside a little time to review Apple's Business Conduct Policy. It explains in very clear terms how you are expected to conduct yourself with our customers, business partners, government agencies, and fellow employees. We expect every Apple employee to understand and comply with these rules.*

*The Policy is based on Apple's core values of honesty, respect, confidentiality, and the critical obligation of every Apple employee to adhere to legal principles, like antitrust and anti-corruption laws. Living by it is how we earn the trust of our customers and partners and how we keep Apple a great place to work.*

*The Business Conduct group has developed a new version of the Policy in iBooks format. The book is convenient and engaging with galleries, video, audio and multi-touch widgets all designed to help you learn about Apple's principles of business conduct. You can download the new book via Switchboard, or access a web-version here.*

*If you have questions, or information about conduct you think may violate the Policy, don't be afraid to speak up. Talk to your manager, your HR representative, or contact the Business Conduct Helpline — which can be done anonymously.*

*Thank you in advance for treating this seriously and taking responsibility for demonstrating high integrity in every aspect of Apple's business.*

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTIAN A. GILBERT, | ) |
| | ) |
| Plaintiff, | ) Case No.: |
| | ) |
| v. | ) |
| | ) |
| APPLE INC. | ) |
| | ) |
| Defendant. | ) |

**<u>DECLARATION OF MICHAEL JAYNES</u>**

Michael Jaynes, being duly sworn, deposes and that he is over 18 years of age, and is competent

to testify as to the following matters as to which he has personal knowledge:

     1.     I have personal knowledge regarding Apple Inc.'s organizational structure with respect to its incorporation and principal place of business.

     2.     I am employed as the Senior Finance Manager for Apple Inc. ("Apple").

     3.     On October 5, 2021, a civil action was filed in the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois, under the name and style, *Christian A. Gilbert v. Apple, Inc.* case number 21-L-000470 (hereinafter the "Lawsuit").

     4.     Apple, both at the time this Lawsuit was commenced and at the present date has its principal place of business in Cupertino, California and is incorporated in the State of California.

FURTHER AFFIANT SAYETH NAUGHT.

     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Dated: _____12/23/2021_____     By: _____

                                          MICHAEL JAYNES

4863-0134-8359, v. 1

## **CERTIFICATE OF SERVICE**

I, *Sarah J. Gasperini*, an attorney, certify that on December 28, 2021, I caused a true and correct copy of the attached *Notice of Removal* to be served on the following counsel of record for Plaintiff by email and U.S. Mail at the following addresses:

Leonard J. Solfa, Jr.
Law Office of Leonard J. Solfa, Jr.
P.O. Box 861
Batavia, IL 60510-0861
lsolfa@comcast.net

By: */s/ Sarah J. Gasperini*
One of the Attorneys for Apple Inc.

Sarah J. Gasperini
Quinn P. Donnelly
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, IL 60601
Tel.: 312.787.4949
Fax: 312.787.4995
sarah.gasperini@jacksonlewis.com
quinn.donnelly@jacksonlewis.com