UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN A. GILBERT,<br>    Plaintiff<br><br>    v.<br><br>APPLE INC.,<br>    Defendant. | No. 21-cv-06882<br><br>Judge Jeremy C. Daniel |

### ORDER

Before the Court is the defendant's motion for summary judgment. The plaintiff alleges that the defendant retaliated against the plaintiff in violation of the Illinois Human Rights Act ("IHRA"). The plaintiff further alleges that the defendant discriminated against the plaintiff based on his age. The Court grants summary judgment in the defendant's favor as to both claims. Civil case terminated.

### STATEMENT

Legal standard. Federal Rule of Civil Procedure 56 provides that the Court shall grant summary judgment if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A 'material fact' is one identified by the substantive law as affecting the outcome of the suit." *Bunn v. Khoury Enters., Inc.*, 753 F.3d 676, 681 (7th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine dispute exists as to any material fact if a reasonable jury could return a verdict for the nonmoving party. *Id.* In evaluating a motion for summary judgment, the Court take the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Equal Emp. Opportunity Comm'n v. Vill. At Hamilton Pointe LLC*, 102 F.4th 387, 400 (7th Cir. 2024).

Background. The following facts are undisputed unless otherwise indicated. The defendant hired the plaintiff on November 4, 2010. (R. 63 ¶ 9.) Initially hired as a Specialist, the defendant promoted the plaintiff to Apple Solutions Consultant on August 29, 2011. (*Id.*) In this role, the plaintiff served as the defendant's sales representative inside a Best Buy. (*Id.* ¶ 10.) The events underlying the plaintiff's claim occurred while the plaintiff was assigned to a Best Buy store in Geneva, Illinois. (*Id.*)

The plaintiff reported to Regional Manager Justin Brown until late 2018, which is when the defendant transferred Brown to a position in Nashville, Tennessee. (*Id.* ¶ 12; R. 70 ¶ 12.) Prior to Brown's transfer, the plaintiff called the defendant's HR (People Support) Helpline and complained about Brown. (R. 63 ¶¶ 22, 24.) A Helpline employee referred the complaint to a human resources manager. (*Id.* ¶ 25.) The plaintiff told the human resources manager that Brown had made an inappropriate comment but did not tell her exactly what Brown said. (*Id.* ¶ 26.) The human resources manager offered to speak with Brown's supervisor about the plaintiff's complaint; instead, the plaintiff chose to contact Brown's supervisor himself. (*Id.* ¶ 28.) In September 2018, the plaintiff had several conversations with Brown's supervisor, some of which involved Brown. (*Id.* ¶¶ 29-32, 35.) In 2018, Brown rated the plaintiff as meeting or exceeding expectations. (*Id.* ¶ 13.)

In November 2018, Michael Jus replaced Brown as the plaintiff's manager. (*Id.* ¶¶ 14, 37.) In 2019, Jus reported the plaintiff as meeting or exceeding expectations. (*Id.* ¶ 14.) Jus testified that Brown did not make any negative statements to him about the plaintiff and that he had no knowledge of the plaintiff's complaint about Brown. (*Id.* ¶ 39.) The plaintiff disputes this but provides no evidentiary support for his claim. (*See* R. 70 ¶ 39.) The plaintiff made the same claim in his deposition (R. 73 at 131:16-21), but subsequently conceded that he had no direct knowledge of this issue. (*Id.* at 132:4-19, 134:14-135:2.)

On January 10, 2020, Best Buy employees overheard the plaintiff having a loud conversation on his cell phone. (R. 63 ¶ 40.) The parties dispute whether this conversation occurred while the store was open to customers. (Compare *Id.* with R. 70 ¶ 40.) The parties also dispute what was said. The defendant cites evidence from Best Buy employees that the plaintiff referred to the caller as a "little girl" and a "retard" before telling the caller, "you're a good little girl, lick my ass." (R. 63 ¶ 41.) The plaintiff claims that he told the caller he would "kick their ass." (R. 70 ¶ 41.) A Best Buy employee reported the plaintiff's conduct to the defendant. (R. 63 ¶ 42.) Best Buy told the defendant that it did not want the plaintiff working at any of its locations unless an investigation cleared the plaintiff of the behavior and language reported. (*Id.* ¶ 43.)

During the defendant's investigation of the matter, the plaintiff admitted that he told the caller to "be a good little girl and stop harassing me . . . you can't speak English right. Stop being a little girl and harassing me or I will kick your ass." (*Id.* ¶ 45.) On January 22, 2020, the plaintiff submitted a statement that provided context for his actions and apologized. (*Id.* ¶ 46.) On January 24, 2020, Best Buy confirmed that the plaintiff was no longer permitted to work in Best Buy. (*Id.* ¶ 48.) A Best Buy employee testified that Best Buy's decision would be the same even if the store was closed during the plaintiff's call. (*Id.* ¶ 49.) The defendant discharged the plaintiff on January 27, 2020. (*Id.* ¶ 2.) The plaintiff was 63 years old at the time. (*Id.*)

2

<u>Retaliation claim</u>. The plaintiff's retaliation claim requires the plaintiff to prove that (1) he participated in a statutorily protected activity, (2) his employer took a materially adverse action, and (3) there was a causal connection between the two. *Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 383 (7th Cir. 2016) (noting that Illinois courts apply the federal Title VII framework to IHRA claims); *see also Spencer v. Illinois Hum. Rts. Comm'n*, 2021 IL App (1st) 170026, ¶ 40 (setting forth elements of a retaliation claim under the IHRA). The defendant argues that it is entitled to judgment as a matter of law based on the first and third elements. The Court agrees.

The alleged statutorily protected activity here concerns the plaintiff's complaint about Brown's inappropriate comment. The plaintiff called the Helpline and reported the inappropriate comment. He did not tell the Helpline employee or the human resources manager what Brown said. There is a dispute as to whether subsequent discussions with Brown's supervisor revealed what Brown actually said. According to the plaintiff, he considered a comment Brown made concerning a female employee's skinny jeans to be sexually demeaning and harassing. (R. 63 ¶¶ 33-34; R. 70 ¶ 21.) Brown's supervisor, however, testified that he was never told about the alleged inappropriate comment. (R. 63 ¶ 33.) Importantly, the plaintiff concedes that he did not hear this comment himself, acknowledges that the comment was not directed toward him, and explains that he complained because he "felt strongly that a violation of the Apple Business Conduct policy had occurred." (*See* R. 71 at 6.)

Complaints involve "statutorily protected activity" when they concern discrimination or harassment based on sex, race, national origin, or some other protected class. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 718 (7th Cir. 2018). There is no dispute that the plaintiff complained about a comment Brown made that the plaintiff believed violated the defendant's policies. But the complaint was nothing more than a complaint about some situation at work. *See id.* (explaining that statutorily protected activity requires more than a complaint about some situation at work). There is no evidence that the plaintiff complained that Brown's comment discriminated or harassed the plaintiff based on sex, race, national origin, or some other protected class. *See Sitar v. Indiana Dep't of Transp.*, 344 F.3d 720, 727 (7th Cir. 2003) (summary judgment proper where plaintiff complained only that she felt picked on, not that she was discriminated against). Accordingly, summary judgment in the defendant's favor is proper as to the plaintiff's retaliatory discharge claim.

Summary judgment on this claim is also appropriate because there is no causal connection between the plaintiff's discharge and the plaintiff's complaint about Brown. "A plaintiff demonstrates a causal connection by showing that the defendant 'would not have taken the adverse ... action but for [the] protected activity.'" *Baines v. Walgreen Co.*, 863 F.3d 656, 661 (7th Cir. 2017). Here, the defendant discharged the plaintiff after complaints about a telephone conversation at Best Buy while at work caused Best Buy to essentially ban the plaintiff from working for the defendant in a Best Buy store. According to Best Buy, it made no difference whether the store was open to customers at the time of the plaintiff's telephone conversation. Further,

3

Best Buy did not know about the plaintiff's complaint about Brown. (R. 63 ¶ 52.) Best Buy's position severs any potential link between the plaintiff's complaint about Brown and the plaintiff's discharge.

Other considerations support this conclusion. For instance, the plaintiff's manager at the time, Jus, testified that he did not know about the plaintiff's complaint about Brown. The plaintiff has not presented competent evidence to dispute Jus's testimony. Instead, the plaintiff asks the Court to infer that Brown must have told Jus about the plaintiff's complaint when, during their management transition, the two discussed employees who had reported to Brown who would now report to Jus. (R. 70 at 39.) "An inference is not reasonable if it is directly contradicted by direct evidence provided at the summary judgment stage, nor is a 'conceivable' inference necessarily reasonable at summary judgment." *Equal Emp. Opportunity Comm'n v. Vill. At Hamilton Pointe LLC*, 102 F.4th 387, 400 (7th Cir. 2024) (citation omitted). The plaintiff was not a party to the conversation between Brown and Jus, and cites no other evidence that contradicts Jus's testimony. (*See* R. 70 ¶52.) As such, the inference the plaintiff asks this Court to draw is unreasonable. The undisputed evidence is that Jus did not know about the plaintiff's complaint about Brown. These facts further show that there was no causal connection between the plaintiff's discharge and the plaintiff's complaint about Brown.

The timing of the plaintiff's discharge also undercuts the notion that the plaintiff's discharge was related to the plaintiff's complaint about Brown. "While suspicious timing can support an inference of a retaliatory motive, such a long gap between the protected activity and adverse action "can weaken and eventually break an inference of causation." *Lesiv v. Illinois Cent. R.R. Co.*, 39 F.4th 903, 920 (7th Cir. 2022) (noting that both a two-and-a-half-year gap and a one-year gap "casts doubt on" retaliatory motive). Here, more than sixteen months elapsed between the complaint and the discharge, thereby weakening or breaking any inference of causation.

All of these factors, as well as additional factors discussed below, show that the defendant is entitled to summary judgment because there is no causal connection between the plaintiff's discharge and the plaintiff's complaint about Brown.

Age discrimination. To establish a prima facie case of discrimination under the *McDonnell Douglas* framework, the plaintiff must show that "(1) [he] is a member of a protected class, (2) [he] was meeting the defendant's legitimate expectations, (3) [he] suffered an adverse employment action, and (4) similarly situated employees who were not members of [his] protected class were treated more favorably." *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 573 (7th Cir. 2021). If the plaintiff meets this burden, then "'the burden shift[s] to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action, at which point the burden shifts back to the plaintiff to submit evidence that the employer's explanation is pretextual." *Id.* (citation omitted). The defendant argues that it is entitled to

4

judgment as a matter of law based on the second and fourth elements. The Court agrees.

While the defendant met his employer's expectations in 2018 and 2019, he failed to do so in 2020. The plaintiff admitted that the January 10, 2020, incident occurred. While the plaintiff disputes the exact contours of the incident, there is no dispute that the defendant hired the plaintiff to work as the defendant's representative in Best Buy stores. There is no dispute that Best Buy told the defendant the plaintiff could no longer work in Best Buy stores. Because the plaintiff could not work in Best Buy stores, he could no longer meet the defendant's legitimate employment expectations—namely, that the plaintiff serve as the defendant's representative in a Best Buy store. In addition, the plaintiff's telephone conversation, which occurred while the plaintiff was on the clock, violated the defendant's policies. These undisputed facts warrant summary judgment in the defendant's favor.

Further, the plaintiff has not identified a similarly situated employee who was not a member of his protected class who was treated more favorably. The plaintiff claims that the defendant transferred another employee, T.B., from the Geneva Best Buy store at Best Buy's request after T.B. showed pornography on his phone to Best Buy employees. (*Id.* ¶ 64; R. 70 ¶ 64.) The plaintiff claims that T.B. was thirty years younger than the plaintiff. (R. 72 ¶ 30.) The defendant claims that it disciplined T.B. for sharing an inappropriate text message that included an offensive image (R. ¶ 65), and transferred T.B. to another store based on business needs. (*Id.* ¶ 66.) Even if Best Buy requested T.B.'s transfer, Best Buy did not effectively ban T.B. from working in its stores. This alone sets the plaintiff apart from T.B. To the extent the plaintiff identifies Brown as another similarly situated employee, the plaintiff does not mention Brown's age, which means there is no evidence that Brown is not a member of the same protected class as the plaintiff. Accordingly, this element also supports summary judgment in the defendant's favor.

Finally, the undisputed facts concerning the plaintiff's telephone call establish a legitimate, nondiscriminatory, and non-pretextual reason for the adverse employment action. The plaintiff concedes that this was inappropriate conduct in the workplace. Therefore, summary judgment in the defendant's favor is proper as to the plaintiff's age discrimination claim.

Date: 6/12/2024

JEREMY C. DANIEL
United States District Judge

5